UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br>ANDREW R. OTERO,<br>                          Defendant. | Case No.:  17cr879-JAH<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (Doc. No. 234-3).** |

**INTRODUCTION**

Pending before the Court is Defendant Andrew R. Otero's ("Defendant") Motion for Compassionate Release.  *See* Doc. No. 234-3. On April 9, 2020, Plaintiff United States of America (hereinafter, "Government") filed a response in opposition. *See* Doc. No. 236. After a careful review of the pleadings submitted, IT IS HEREBY ORDERED the motion is **DENIED** for lack of jurisdiction.

**BACKGROUND**

Defendant Andrew R. Otero was indicted by a federal grand jury for conspiracy (18 U.S.C. § 371), major fraud against the United States (18 U.S.C. § 1031), wire fraud (18 U.S.C. § 1343), false statements (18 U.S.C. § 1001), aiding and abetting (18 U.S.C. § 2), and criminal forfeiture (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)). *See* Doc. No. 1. On November 21, 2018, a jury found Defendant guilty of the charges. *See* Doc. No. 157.

On June 28, 2019, the Court sentenced Defendant to 18-months in custody and three years of supervised release. *See* Doc. Nos. 204, 208. Defendant surrendered to the custody of the Bureau of Prisons on October 7, 2019, per order of the Court. *See* Doc. No. 211.

On April 7, 2020, Defendant, through counsel, filed an *ex parte* application to shorten time requesting the Court hear his motion for compassionate release on April 8, 2020, citing ongoing health concerns caused by the outbreak of COVID-19. *See* Doc. No. 234. Defendant concurrently filed a Motion for Compassionate Release. *See* Doc. No. 234-3. The Court denied Defendant's *ex parte* application to shorten time, set a briefing schedule and set a telephonic hearing for April 16, 2020, at 1:00 p.m. *See* Doc. No. 235. The Government filed a response in opposition to Defendant's motion on April 9, 2020. *See* Doc. No. 236. The Court thereafter vacated the hearing and took the matter under submission.

## LEGAL STANDARD

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provided prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

///

///

**DISCUSSION**

On April 6, 2020, Defendant submitted a letter to the warden at USP Lompoc (hereinafter "BOP"), where he is confined, requesting home confinement in light of the CARES Act[1]. *See* Doc. No. 234-3 at 19. Defendant filed the instant motion for compassionate release with this Court the following day.

Defendant petitions the Court to find COVID-19 is an extraordinary and compelling reason to merit a modification to his sentence. *Id*. at 11. He argues that COVID-19 poses a potentially fatal threat to him in light of his ongoing health issues: heart fibrillation, chronic bronchial issues, prostate issues, and multiple surgeries on his left knee. *Id*. at 10. Defendant posits that these underlying health issues and his potential to contract COVID-19 are exacerbated by his incarceration. *Id*. at 13. Defendant acknowledges he has not exhausted his administrative remedies. *Id.* at 19. He contends, however, the administrative exhaustion requirement is not mandatory and, as such, this Court has discretion to waive such a requirement. Defendant also asserts that the BOP's apparent reluctance to release inmates "with any sense of urgency makes any administrative appeal a futile exercise." *Id.*

The Government opposes Defendant's request and argues Defendant's motion for compassionate release should be denied because the Court lacks jurisdiction at this time to decide this matter, and urges the Court: (1) to find that failure to exhaust is jurisdictional, and (2) decline to consider the motion and allow the BOP to exercise its authority. *See* Doc. No. 236.

**A. Mandatory Exhaustion of Administrative Remedies**

Defendant argues that the plain meaning of § 3582(c)(1)(A) suggests the exhaustion of administrative requirements is not mandatory because Congress made no such

---

[1] The Coronavirus Aid, Relief, and Economic Security (CARES) Act (H.R. 748), was recently enacted on March 27, 2020. Section 12003(b)(2) of the CARES Act states that "[d]uring the covered emergency period[,] if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of Title 18, United States Code, as the Director determines appropriate."

mandatory requirement within the provision. *See* Doc. No. 234-3 at 21. In support of this argument, Defendant compares the language and the legislative history of the Prison Litigation Reform Act (PLRA) with that of the First Step Act. *Id.* at 22. Defendant also argues that the Court has the power to create an exception to the First Step Act's exhaustion requirement.

"The "doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *McKart v. United States,* 395 U.S. 185, 193 (1969). "The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' " *Id.* (quoting *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50-51 (1938)). The exceptions to the doctrine are very limited.[2]

Regardless, Defendant asserts that the omission in § 3582(c)(1)(A)'s plain text of the word "shall" renders the exhaustion requirement not mandatory. *See* Doc. No. 234-3 at 22 (citing *Miller v French*, 520 U.S. 327, 337 (2016) ("explaining that 'the mandatory "shall". . . normally creates an obligation impervious to judicial discretion.' ")).

§ 3582(c)(1)(A) states:

> The court may not modify a term of imprisonment once it has been imposed except that--
>  **(1)** in any case--
>    **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]

18 U.S.C. § 3582(c)(1)(A).

---

[2] The established exception, futility, is discussed *infra*.

According to the Government, the First Step Act requires Defendant to exhaust his administrative remedies which is a jurisdictional requirement that cannot be waived. *See* Doc. No. 236. at 2. The Government cites to *United States v. Raia,* 2020 WL1647922 (3d Cir. April 2, 2020) in support. In *Raia*, the Third Circuit found that even though a defendant had significant health risks, he did not satisfy the exhaustion requirement, thus upholding the district court's decision finding it lacked jurisdiction. *Raia,* 2020 WL1647922 at *2.

The Government also points out that most district courts in the Ninth Circuit have found the exhaustion requirement to be jurisdictional even under the current circumstances presented by the COVID-19 pandemic. *Id.* at 5-6. (citing *United States v. Hartsell*, 15CR1442-JLS, ECF No. 654 (SDCA April 6, 2020) (finding defendant must exhaust administrative remedies notwithstanding the current pandemic); *United States v. Eberhart*, 2020 WL 145075, *2 (N.D. Cal. Mar. 25, 2020) (recognizing that, despite COVID-19 pandemic, the court lacks authority to grant relief under § 3582(c)(1)(A)(i) when the defendant has not satisfied the exhaustion requirement).

The Court finds the plain meaning of the statute is clear. The statute clearly dictates the protocol Defendant must follow. Defendant may file a motion with the Court 1) after he has fully exhausted his administrative remedies and upon the failure of the BOP to bring a motion on Defendant's behalf *or* 2) after the lapse of 30-days from the time the warden receives his request, whichever is earlier. (*emphasis added*). The fact that the plain text of the statute omits the word "shall" is not dispositive in determining whether judicial exhaustion is mandatory in light of its plain meaning.

In addition, the Court disagrees with Defendant's argument that the First Step Act's legislative history supports a finding of granting a motion for compassionate release without requiring full exhaustion of administrative remedies. Defendant posits that unlike the PLRA's legislative history, "which underscores the mandatory nature of its exhaustion regime," the legislative history of the First Step Act underscores the "BOP's failure to properly manage the compassionate release program" by "creating another, direct avenue for prisoners to file a motion, and thus minimizing the role of the BOP as a gatekeeper."

*See* Doc. No. 234-3 at 24. This argument is tenuous at best, especially in light of the fact that courts, "can only look to legislative intent when a statute is ambiguous." *Cleveland v. City of Los Angeles*, 420 F.3D 981, 990, N. 11(9th Cir. 2005) (citing *HUD v. Rucker*, 535 U.S. 125, 132 (2002)). Defendant has failed to cite any binding Ninth Circuit or Supreme Court caselaw indicating that the Court has authority to create judicial exceptions to the exhaustion requirement in § 3582(c)(1)(A). The Court need not look elsewhere to interpret the statute. Here, because the statute is clear, review of the legislative history is unnecessary. The Court finds that exhaustion is a jurisdictional requirement.

The Court also finds Defendant's argument that the Court should take immediate action and disregard the required administrative process due to the severity of the pandemic is not persuasive. Defendant lists a host of district court opinions in support. *See* Doc. No. 234-3 at 16-19.[3] However, as the Government points out, most of the cases cited by Defendant address the propriety of bail versus pretrial detention, detention pending sentencing or setting self-surrender dates."[4] *See* Doc. No. 236. at 9. The Government correctly asserts that "only three of the cases cited by Defendant involve situations where defendants were released while serving their sentence. *Id.* at 9.

Importantly, the Court notes that district courts in the Ninth Circuit considering the issue of whether district courts may create an exception to § 3582(c)(1)(A)'s 30-day exhaustion requirement have nearly unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition, even in light of the urgency created by COVID-19. *See, e.g., United States v. Garza*, No. 18-CR-1745-BAS,

---

[3] Defendant points out that extraordinary steps have been taken by Government authorities and district courts in consideration of the health and safety of detainees. Those steps have included releasing detainees to reduce the spread of COVID-19. This Court recognizes these laudable efforts and takes judicial notice that this district is actively engaged in similar efforts. However, the cases cited by Defendant relating to considerations of health/medical concerns of detainees were undertaken within the context of motions for pre-trial or pre-sentence release pursuant to 18 U.S.C. 3141, *et. al*.

[4] *Cf.*, *United States v. Muniz*, Case No. 4:09-cr-199, Dkt 578 (S.D. Tex. Mar. 30, 2020); *United States v. Marin*, No. 15-cr-252, Dkt 1326 (E.D.N.Y. Mar. 30, 2020); *United States v. Copeland*, No. 2:05-cr-135-dcn (D.S.C. Mar. 24, 2020).

2020 WL 1485782, at *2 (S.D. Cal. Mar. 27, 2020) (denying motion for compassionate release based on failure to exhaust administrative remedies and noting that "issues such as Mr. Garza's medical condition, the conditions and resources at Terminal Island. . . and decisions as to which prisoners should be released because of the COVID-19 epidemic are better left to [BOP] and its institutional expertise"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)."); *United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020) ("[18 U.S.C. § 3582(c)(1)(A)] does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the [First Step Act] have been met."); *United States v. Young*, No. CR14-5242RJB, 2020 WL 1673043, at *2 (W.D. Wash. Apr. 6, 2020) (finding defendant was not entitled to compassionate release where defendant "did not exhaust his administrative remedies"); *United States v. Schuett*, No. 214CR00364JADGWF, 2020 WL 1677080, at *1 n.7 (D. Nev. Apr. 6, 2020) ("Although the COVID-19 crisis may be a consideration for compassionate release, [defendant] has not demonstrated that he has exhausted his administrative rights for such a release with the BOP."); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The Court's hands are bound by the statute....[A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks.").

Having examined the rationale in *Raia* as well as the rationale expressed by district courts in this circuit, it is clear to this Court that this great weight of authority is persuasive. The Court sees no reason to break step with these decisions. The terms of § 3582(c)(1)(A) are plain. Because Defendant has filed this motion without first exhausting his administrative remedies or providing the BOP with 30-days to respond to his request, the Court lacks jurisdiction to consider his motion for compassionate release.

///

///

B. **Futility**

Defendant alternatively argues that the exhaustion of the administrative remedy or 30-day waiting period to file his motion should be waived as futile. As Defendant points out, exhaustion of administrative remedies is not required where exhaustion would have been futile. *United Farm Workers v. Arizona Agric. Employment Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

The Government argues Defendant fails to demonstrate the futility of pursuing administrative remedies, and the cases cited by Defendant in support of his argument for futility are distinguishable from this case. *See*, *e.g.*, *Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993) (waiving exhaustion requirement for § 2241 habeas petition to change restitution payment schedule as futile where denial of relief was based on official BOP policy); *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (finding exhaustion futile when Petitioner was challenging official BOP policy); *Boucher v. Lamanma*, 90 F.Supp. 2d 883, 887 (N.D. Ohio 2000) (concluding that exhaustion of administrative remedies would be futile where the BOP's policy on categorizing the prisoner's offense as a violent crime was mandatory, the issue was a legal one that the BOP had consistently defended, and the potential for immediate release counseled timely consideration of the petitioner's case).

Here, it is not sufficient for Defendant to merely argue that BOP officials are reluctant to release inmates based upon general practices to demonstrate the futility of seeking an administrative remedy. Indeed, the record in this case paints a very different picture. The BOP has already determined that Defendant is qualified for early release to home confinement as soon as October of 2020, in accordance with the Second Chance Act of 2007, demonstrating the BOP's willingness to exercise its responsibility of assessing individual characteristics and circumstances of prisoners, as it has with Defendant. *See* Doc No. 236 at 3. Thus, Defendant has not demonstrated the futility of exhausting his administrative remedies.

///

## CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release is **DENIED without prejudice**, pending exhaustion of his administrative remedies.

DATED: April 17, 2020

_____
JOHN A. HOUSTON
United States District Judge